# IN THE COURT OF APPEALS OF IOWA

No. 22-2092
Filed September 27, 2023

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**KEMP PATRICK REYNOLDS,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Warren County, Kevin Parker, District Associate Judge.

Kemp Patrick Reynolds appeals his two convictions for driving while barred as a habitual offender. **AFFIRMED.**

John C. Heinicke of Kragnes & Associates, P.C., Des Moines, for appellant.

Brenna Bird, Attorney General, and Thomas E. Bakke and Martha E. Trout, Assistant Attorneys General, for appellee.

Considered by Bower, C.J., and Ahlers and Chicchelly, JJ.

**CHICCHELLY, Judge.**

Kemp Patrick Reynolds appeals his two convictions for driving while barred as a habitual offender. Because substantial evidence supports his convictions, we affirm.

### I.      *Background Facts and Proceedings.*

Reynolds was stopped by law enforcement on two isolated occasions in 2021. The first occurred in October of that year, while the latter occurred in November. At the time of each stop, both officers confirmed Reynolds was driving while his license was barred. As a result, he was charged with two separate charges of driving while barred. Following a nonjury trial, Reynolds was convicted on both charges. He was sentenced to twenty days total in jail.

### II.      *Scope and Standard of Review.*

We review sufficiency-of-evidence challenges for the correction of errors at law. *State v. Huser*, 894 N.W.2d 472, 490 (Iowa 2017). We consider the evidence "in the light most favorable to the State, including all reasonable inferences that may be fairly drawn from the evidence." *Id.* (quoting *State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012)). If substantial evidence supports the verdict, we affirm. *Sanford*, 814 N.W.2d at 615.

### III.      *Sufficiency of Evidence.*

Reynolds contends there was insufficient evidence to support his guilty verdict. He bases this insufficiency on the State's lack of proof that Reynolds was notified of his license status. To establish guilt for driving while barred, the State must prove (1) that a person was operating a motor vehicle and (2) the person's license was barred at the time. *State v. Williams*, 910 N.W.2d 586, 591

(Iowa 2018). The State is not required to prove that notice was provided. *Id.* at 594. While Reynolds makes a nonfrivolous argument to follow a dissenting view, we decline to adopt it and instead apply the existing law. *See State v. Beck*, 854 N.W.2d 56, 64 (Iowa Ct. App. 2014) ("We are not at liberty to overrule controlling precedent."). The State presented evidence of the two traffic stops, law enforcement's confirmation that Reynolds was driving with a barred license, and Reynolds's admission he was aware he did not have a license. Viewing the evidence in the State's favor, substantial evidence supports the guilty verdict. *See Huser*, 894 N.W.2d at 490.

## IV.    Conclusion.

Because substantial evidence supports Reynolds's convictions for driving while barred, we affirm.

**AFFIRMED.**